# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JOHN LICHTERMAN, et al.  PLAINTIFFS

v.  CAUSE NO.: 1:07-CV-256-SAA-JAD

PICKWICK PINES MARINA, INC. et al.  DEFENDANTS

## MEMORANDUM OPINION DENYING MOTION FOR INJUNCTION PENDING APPEAL

This cause came on for consideration on Plaintiffs', John Lichterman, Vince Marascuilo, and Marsha Marascuilo, Emergency Injunction Pending Appeal. The Court, having reviewed submitted briefs, statutory and case law, is of the following opinion:

On December 6, 2007, this Court granted in part and denied in part Plaintiffs' Motion for Preliminary Injunction. The Court ruled Tennessee Valley Authority ("TVA") extensively investigated the environmental impact of the proposed cart path to be constructed in the fifty-foot buffer zone, and this Court denied the injunction that sought to halt construction in the fifty-foot buffer[1]. Subsequently, Plaintiffs filed an Emergency Motion for Injunction Pending Appeal pursuant to Federal Rule of Appellate Procedure 8(a). The Plaintiffs argue that the Court should prohibit the Defendants from performing any further work in the fifty-foot buffer pending appeal. Case law indicates that the party seeking to institute an injunction pending appeal bears the burden of proof to the Court that they are entitled to a stay. This Court is of the opinion that the Plaintiffs have failed to meet that burden.

---

[1] The Court granted the Plaintiffs' injunction as to the one-hundred-foot buffer until further investigation by the Defendant, TVA.

## Legal Analysis

This Court will consider the motion pursuant to Federal Rule of Civil Procedure 62(c) which grants the Court the discretion "to suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal is pending. See also Coastal Corp. v. Texas E. Corp., 869 F.2d 817 (5th Cir. 1989) (analyzing the District Court's jurisdiction over a stay pending appeal). Pursuant to Rule 62(c) and case law, this Court must consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest is advanced by such a stay. Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); Drummond v. Fulton County Dep't of Family & Children's Serv., 532 F.2d 1001, 1002 (5th Cir. 1977). Additionally, the Fifth Circuit Court of Appeals has clarified the first factor by recognizing that a movant "need only present a substantial case on the merits when a **serious legal question** is involved and show that the balance of equities weighs heavily in favor of granting the stay." U.S. v. Baylor Univ., 711 F.2d 38, 39 (5th Cir. 1983) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)) (emphasis added); Wildmon v. Berwick Universal Pictures, 983 F.2d 21, 23 (5th Cir. 1992). Further, in order for the movant to succeed, the balance of equities must be heavily tilted in its favor. Ruiz, 650 F.2d at 565-66. Moreover, the Fifth Circuit has opined that a movant must show "a great likelihood, approaching near certainty," that it will prevail when the case is heard on appeal. Greene v. Fair, 314 F.2d 200, 202 (5th Cir. 1963).

To satisfy the first factor, Plaintiffs must make a strong showing that they will prevail upon the merits. At the outset, the Court is of the opinion that this matter does not concern a

serious legal question as discussed in Baylor and Ruiz. Baylor, 711 F.2d at 39; Ruiz, 650 F.2d at 565. Baylor involved whether Medicare and Medicaid payments constituted federal financial assistance within the meaning of the Rehabilitation Act. Id. at 40. The Court concluded that this legal question would have a broad impact upon federal/state relations. Id. In the case sub judice, the Plaintiffs have failed to bring forth any argument evidencing a serious legal question, and the Court is not aware that one exists. Unlike the situation in Baylor, this case does not involve a matter that will have a wide impact upon many members of the public. Id., See Wildmon, 983 F.2d at 23-4.

In order to prevail upon the merits, Plaintiffs must prove that TVA's decision was arbitrary and capricious. Plaintiffs have failed to make a strong showing of a likelihood of prevailing upon the merits. As supported by the record, TVA thoroughly investigated the environmental impact of the cart path in the fifty-foot buffer and concluded that an inland buffer would have no greater environmental impact than an undisturbed buffer. The Court extensively discussed this argument in the Memorandum Opinion Granting in Part and Denying in Part Preliminary Injunction, Docket Number [40]. Plaintiffs have failed to rebut the findings of that opinion, and Plaintiffs have failed to make a strong showing that they will prevail upon the merits.

The second factor Plaintiffs must prove is that they will be irreparably injured if the stay is not granted. The record is devoid of any evidence of actual injury to the Plaintiffs due to the cutting of trees in the fifty-foot buffer. Moreover, Defendants represented to this Court at the hearing on November 30, 2007, that "there are no more trees within that zone to cut." Therefore, any grading to be performed would not be irreparable and could be cured by monetary damages, assuming Plaintiffs prevailed on their claims. See Deerfield Med. Ctr. v. City of Deerfield

Beach, 661 F.2d 328, 338 (5th Cir. 1981); Spiegal v. City of Houston, 636 F.2d 997, 1001 (5th. Cir. 1981). Thus, the Plaintiffs have also failed to meet the second factor.

The third factor states that the Court must evaluate whether other parties would be substantially injured by granting the stay. The Defendants have asserted that a delay in the stabilization of the fifty-foot buffer would have significant monetary impact. Specifically, the Defendants evidenced that a delay of sixty days would cost them $1.3 million. In sum, a stay pending appeal would adversely affect the Defendants.

Lastly, the Court must consider where the public interest lies. Plaintiffs have brought the suit under the National Environmental Policy Act ("NEPA"). While NEPA does not impose substantive directives on an agency, it does require agencies engaged in the regulation of property to comply with certain procedural requisites. Sabine River Auth. v. U.S. Dept. of Interior, 951 F.2d 669, 676 (5th Cir. 1992). The Court's specific role is to ensure that that the agency involved took a "hard look" at the environmental consequences of all aspects of the projects. Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 348, 109 S. Ct. 1835, 104 L. Ed. 2d 351 (1989). This standard has been adopted in recognition of the fact that resolving environmental issues requires a high level of expertise that is better suited for a federal agency to decide. Kleppe v. Sierra Club, 427 U.S. 390, 412, 96 S. Ct. 2718, 49 L. Ed. 2d 576 (1976). In its prior Order, this Court concluded that TVA thoroughly investigated the environmental impact resulting from construction of the cart path and that an inland buffer would have no greater environmental impact than an undisturbed buffer.

While this Court agrees that it is in the public's interest to hold agencies accountable when they fail to review the environmental impacts of their decisions, the public interest is not better served by questioning an agency's substantive decision when that agency has proved that

they have extensively investigated the environmental concerns of a project decision. In sum, the public interest in denying the stay would outweigh any public interest concerns of granting a stay. In the case <u>sub</u> <u>judice</u>, TVA took a "hard look" at the environmental aspects of the fifty-foot buffer and concluded that the addition of the cart path would have no significant environmental impact. Thus, the Plaintiffs failed to prove the fourth factor as well.

## Conclusion

The Plaintiffs have failed to satisfy the heavy burden necessary for this Court to grant a stay pending appeal. This case does not involve a serious legal question; therefore, Plaintiffs must make a strong showing that they will prevail upon the merits. Plaintiffs have failed to prove the likelihood of prevailing on the merits as well as failed to prove the other three factors. Further, the balance of equities, as weighed in the analysis above, does not heavily tilt in the Plaintiffs favor. Accordingly, the injunction (or stay) pending appeal is denied. Work may continue in the fifty-foot buffer in accordance with this Court's prior Order [40].

**DENIED**, this the 19th day of December, 2007.

                **/s/ Sharion Aycock**

                **UNITED STATES DISTRICT JUDGE**