IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN LICHTERMAN, VINCE　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
MARASCUILO and MARSHA
MARASCUILO

V.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 1:07CV256-SA-JAD

PICKWICK PINES MARINA, INC.,
TISHOMINGO COUNTY DEVELOPMENT
FOUNDATION, and TENNEESSEE VALLEY
AUTHORITY　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is Pickwick Pines Marina, Inc.'s Motion to Dismiss [24], Tishomingo County Development Foundation's Motion to Dismiss [45], and Tennessee Valley Authority's Motion to Dismiss or for Summary Judgment [29]. The Court finds as follows:

*Factual and Procedural History*

In 2000, Tennessee Valley Authority ("TVA") leased approximately 31 acres of land to Tishomingo County Development Foundation ("TCDF"). TCDF proposed the construction of a convention center hotel, a marina, cabin sites, and covered boat slips. Pursuant to the National Environmental Protection Act ("NEPA"), TVA issued a series of findings as to the environmental impact of TCDF's proposal. In December of 2000, TVA issued a Final Environmental Assessment ("2000 EA") and a Finding of No Significant Impact ("2000 FONSI") that contained several restrictive conditions, which were memorialized in an agreement between TVA and TCDF, included:

•　　a requirement that TCDF, through deed restrictions, maintain a 50-foot undisturbed buffer to be managed as a shoreline management zone;

•　　a requirement that undisturbed forested buffers at least 50-feet wide be maintained and enhanced around the site with 100-foot minimum width along the cove at the north end.

In 2001, TVA issued an Environmental Impact Statement ("2001 FEIS") that stated in part, "Under the proposed action, environmental safeguards include maintenance of shoreline and woodland barriers around the perimeter of the property . . . ." In 2005, TCDF leased the area to Pickwick Pines Marina, Inc. ("Pickwick Pines") for the construction and operation of a marina. Pickwick Pines applied to TVA for a permit to construct and operate a marina at the property. Building on the 2000 EA, TVA issued a Final Environmental Assessment ("2006 EA") in 2006 that evaluated the environmental effects of Pickwick Pines' proposal. TVA also produced a second FONSI ("2006 FONSI") and issued Pickwick Pines a section 26a permit to build and operate the marina.

The 2006 EA included several conditions to reduce potential adverse environmental effects, including the following special condition:

> The applicant would be required, through deed restrictions, to maintain a 50-foot undisturbed buffer to be managed as a shoreline management zone. Undisturbed forested buffers at least 50 feet wide would be maintained and enhanced around the site with 100-foot minimum width along the cove at the north end. Minimum openings are acceptable for water access on the south end.

The section 26a permit issued to Pickwick Pines also contained a special condition regarding a 50-foot undisturbed buffer and a 100-foot undisturbed buffer; the language of the condition was identical to the one contained in the 2006 EA. The section 26a permit also contained an attachment that described a paved trail to be constructed for golf cart and foot traffic. The trail is described in the permit as follows:

> A twelve (12) foot wide paved surface shall be provided. The lake side of trail shall have a four (4) foot crushed stone shoulder leading into a rip rap section that extends below water level. The rip rap protection will be approximately 1800 feet along the shore. The protection shall extend to an approximate level of 410. The shore side

2

of the trail shall have retaining walls and erosion features as necessary.

In June 2007, Pickwick Pines submitted detailed site development plans to TVA for approval. In early July, TVA Representative Stephen Williams began review of the plans. After examining the special conditions contained in the 2006 EA and in TCDF's easement, Williams concluded that the condition requiring maintenance of a "50-foot undisturbed buffer" as a shoreline management zone was inconsistent with the condition requiring "maintenance and enhancement" of a woodland buffer at least 50 feet wide. Williams also concluded that it was impossible to have an "undisturbed" buffer around a commercial marina project. He proposed changing the special condition language to require a managed buffer area.

In July 2007, Plaintiffs, who are homeowners across the cove from the property at issue, observed the cutting of tress in what they believed were buffer zones. The homeowners contacted TVA with their concerns, and TVA agreed to cease work and tree removal in the buffer zones. At that time, TVA decided to conduct a NEPA review of whether modifying the buffer language would have significant environmental effects. TVA memorialized the findings and review of the project in a memo on August 15, 2007 ("August 15 Memorandum"), which recognized that the "broad language of the environmental commitments" did not reflect the necessities of the development of the marina. The August 15 Memorandum also discussed the vegetation that was already removed from the shoreline buffers, stating that such removal was anticipated in the 2000 EA as necessary to obtain access to the shoreline. The August 15 Memorandum concluded that the proposed changes would not alter TVA's previous EAs and FONSIs and would have negligible environmental impact, and accordingly modified the 50-foot buffer zone to include the cart path running along the edge of the east bank.

Once Plaintiffs were informed that TVA had approved modification of the buffer language,

Plaintiffs filed suit on November 1, 2007, alleging that TVA violated NEPA and that each party breached assessment commitments, easement covenants, and lease conditions. Plaintiffs seek restoration, injunctive relief, mandamus, and monetary damages for, but not limited to, diminution in property value. On November 19, 2007, Plaintiffs petitioned this Court to enjoin TVA from violating the conditions contained in the 2000 and 2006 EAs. After conducting a hearing in November 2007, this Court issued a memorandum opinion denying a preliminary injunction as to the 50-foot buffer, holding that TVA's review of modification of the buffer language was not arbitrary and capricious; and granting a preliminary injunction as to the 100-foot buffer, holding that there was no evidence that any investigation, review, survey or analysis was conducted as to the 100-foot buffer or the removal of trees on the northern bank. Lichterman, et. al. v. Pickwick Pines, Marina, Inc., et. al., No. 1:07cv256, 2007 WL 4287586 (N.D. Miss. Dec. 6, 2007). This Court remanded to TVA for further investigation and evaluation of the 100-foot buffer. Plaintiffs appealed the denial of the injunction as to the 50-foot buffer and the remand to TVA. The Fifth Circuit affirmed this Court's denial of a preliminary injunction as to the 50-foot buffer and affirmed the grant of a preliminary injunction as to the 100-foot buffer and remand to TVA for further evaluation. Lichterman, et. al. v. Pickwick Pines, Marina, Inc., et. al., No. 07-61014, 2009 WL 221280 (5th Cir. Jan. 30, 2009).

Now before the Court is Pickwick Pines' Motion to Dismiss [24], TCDF's Motion to Dismiss [45], and TVA's Motion to Dismiss or for Summary Judgment [29].

*Standard of Review*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted.

The traditional test for ruling upon a 12(b)(6), as announced in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  However, the United States Supreme Court in Bell Atlantic Corp. v. Twombly, "retired" that test, stating instead that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. See Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).  Factual allegations must be enough to raise a right to relief above the speculative level, [and] "the pleadings must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 127 S. Ct. 1955, 1968-69, 167 L. Ed. 2d 929 (2007).

Thus, the Court must determine whether Plaintiffs' factual allegations in their Complaint, taken as true, are enough to raise a right to relief above a speculative level.

**I.     Pickwick Pines' Motion to Dismiss [24] and TCDF's Motion to Dismiss [45]**

Plaintiffs allege that Defendants violated NEPA and breached assessment commitments, easement covenants, and lease conditions.  Plaintiffs seek restoration, injunctive relief, mandamus, and monetary damages for, but not limited to, diminution in property value.  Defendant Pickwick Pines filed a Motion to Dismiss wherein TCDF joined, and TCDF also filed a Motion to Dismiss adopting the same arguments made in Pickwick Pines' motion.  Defendants assert that Plaintiffs' NEPA violation claim only applies to federal agencies not private entities, and that Plaintiffs' breach of contract claim should be dismissed as Plaintiffs are not third party beneficiaries of the Easement or Lease Agreement.

Initially, the Court must decide whether or not to convert Defendant Pickwick Pines Motion to Dismiss to one for summary judgment. Federal Rule of Civil Procedure 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(B). The Court has sole discretion to accept material outside the pleadings when ruling on a motion to dismiss, and therefore, convert the motion into one for summary judgment. Ware v. Associated Milk Producers, Inc., 614 F. 2d 413, 415 (5th Cir. 1980). Defendant Pickwick Pines attached a document to its motion to dismiss that is outside of the pleadings, the affidavit of Rodney Lucas, General Manager of Pickwick Pines Marina. Using its discretion provided by Federal Rule of Civil Procedure 12(b), the Court declines to consider the affidavit at this juncture. Therefore, the Court need not convert Pickwick Pines Motion to Dismiss into one for summary judgment.

A.   NEPA Violation

Although Pickwick Pines and TCDF are named defendants along with TVA, as private entities they are not capable of violating NEPA. Save the Bay, Inc. v. U.S. Corps of Engineers, 610 F. 2d 322, 326 (5th Cir. 1980) (holding that "the requirements of NEPA do not reach private acts only 'major Federal actions.'"). In response to Defendants' Motions to Dismiss, Plaintiffs concede that Pickwick Pines and TCDF cannot be held liable under NEPA. Accordingly, Defendants Pickwick Pines and TCDF Motions to Dismiss are granted as to the NEPA violation claim against them.

B.	Breach of Contract

TCDF is the holder of a forty year term Recreation Easement to TVA Track XPR-460RE. Pickwick Pines leased the recreational easement property from TCDF on April 13, 2005. Plaintiffs allege that they are third party beneficiaries of the Easement and Lease Agreement provisions that provide for a 100-foot buffer on the north end of the Property where the Plaintiffs' homes are located.

Although Plaintiffs were not in privity to the contracts between TVA and TCDF (the Easement) or between TCDF and Pickwick Pines (the Lease Agreement), privity is not required to establish contractual obligations. Aladdin Construction Co., Inc. v. John Hancock Life Ins. Co., 914 So. 2d 169, 179 (Miss. 2005). A third party can enforce a contractual provision made primarily for his benefit even if he was not a party to the contract. Id.; see also Burns v. Washington Sav., 171 So. 2d 322, 324 (Miss. 1965). As to such third-party beneficiaries, "the controlling principle of law is that one not a party to a contract can sue for a breach thereof only when the condition which is alleged to have been broken was placed in the contract for his direct benefit." Id.; Hartford Accident & Idem. Co. v. Hewes, 199 So. 93, 95 (1940). Stated differently,

> for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promisee to such third person beneficiary . . . connect[ing] the beneficiary with the contract.

Burns, 171 So. 2d at 325.

Specifically, Plaintiffs' Complaint alleges that the restrictions and conditions of the Easement and Lease Agreement

> are particularly intended to protect and preserve the value of plaintiffs' real property,

7

> as evidenced by the requirement that "the undisturbed buffer extend one hundred feet from the shoreline on the north end of the Plaintiffs' homes are located as opposed to a fifty foot width for the buffer around the remainder of the Property.

Because a motion to dismiss only tests the sufficiency of the pleadings rather than the merits of Plaintiffs' claims, the Court is of the opinion that Plaintiffs have sufficiently pled a breach of contract claim as third party beneficiaries. As such, Plaintiffs have met their low burden on motion to dismiss, and Defendants' Motions to Dismiss Plaintiffs' breach of contract claim are DENIED.

## II. TVA's Motion to Dismiss or for Summary Judgment [29]

TVA has also filed a Motion to Dismiss or for Summary Judgment. TVA argues that its NEPA reviews were more than adequate, that Plaintiffs have no cause of action under NEPA to enforce conditions in TVA's NEPA documents, and that Plaintiffs lack standing under NEPA. In support of its Motion to Dismiss of for Summary Judgment, TVA attached the declarations of Helen G. Rucker, Manager of TVA's NEPA Services Staff, and Susan Smelley Tidwell, Manager of Pickwick-Wheeler Watershed Team. Because TVA's motion attaches materials outside the pleadings and argues the merits of the claims rather than the sufficiency of the pleading, the Court will treat TVA's motion as one for summary judgment.

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)(holding that "the burden on the moving party may be discharged by 'showing . . . that there is an absence of evidence to support the non-moving party's case.'") Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movants to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

issue for trial.'" Id. citing FED. R. CIV. P. 56(E). That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(E). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue of fact for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 536 (1986).

At this juncture, the Court finds that TVA's Motion for Summary Judgment is premature as the parties have not yet participated in discovery. Although Rule 56 allows a party to move for summary judgment "at any time," the granting of summary judgment is limited until "after adequate time for discovery." Celotex, 477 U.S. at 322, 106 S. Ct. 2548. As such, the Court finds that TVA's Motion for Summary Judgment [29] is DENIED as premature. However, TVA will be allowed to resubmit its motion for summary judgment at the close of discovery.

*Conclusion*

Based on the previous analysis, Pickwick Pines' Motion to Dismiss [24] is granted in part and denied in part; TCDF's Motion to Dismiss [45] is granted in part and denied in part; and finally, TVA's Motion to Dismiss [29], converted to one for Summary Judgment, is denied as premature.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 16th day of March, 2009.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI