IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN LICHTERMAN, VINCE  　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
MARASCUILO and MARSHA
MARASCUILO

V.　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 1:07CV256-SA-JAD

PICKWICK PINES MARINA, INC.,
TISHOMINGO COUNTY DEVELOPMENT
FOUNDATION, and TENNESSEE VALLEY
AUTHORITY　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

MEMORANDUM OPINION GRANTING
MOTION TO DISMISS THIRD PARTY COMPLAINT

Presently before the Court is the Motion of Mike Tutor and JSR Properties, LLC, to Dismiss Pickwick Pines Marina's Third Party Complaint [102]. The Court finds as follows:

*Factual and Procedural Background*

This action began as a Complaint for declaratory judgment, mandamus, monetary damages, and permanent injunctive relief filed on November 1, 2007, by John Lichterman, Vince Marascuilo and Marsha Marascuilo, seeking to recover from Defendants, Pickwick Pines Marina, Inc. (PPM), Tishomingo County Development Foundation (TCDF), and Tennessee Valley Authority (TVA), damages and other relief arising out of the proposed construction of a marina facility on Yellow Creek Embayment in Tishomingo County, Mississippi. Specifically, Plaintiffs challenge the adequacy of TVA's National Environmental Policy Act (NEPA) reviews and seek to enforce certain easement and permit conditions, either directly pursuant to NEPA or as alleged third-party beneficiaries of the easement, lease, and/or permit.

Defendant PPM filed its Answer which included a Third-Party Complaint on April 6, 2009, naming as Third-Party Defendants Bob Carter, Rodney Lucas, Gary Matthews, Mike Tutor, JSR

Properties, LLC, and X, an unknown employee or officer of TVA. PPM filed its Amended Answer, Cross-Claim, and Third-Party Claim on May 26, 2009. PPM asserts claims of tortious interference with contractual and business relations against Tutor and JSR Properties.

I.  Federal Rule of Civil Procedure 14

Mike Tutor and JSR Properties, LLC (Cross-Defendants), filed a Motion to Dismiss the Third Party Complaint on August 17, 2009. Their principal argument is that PPM's Third Party Complaint is improper under Federal Rule of Civil Procedure 14(a)(1), which states in relevant part, "A defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." Stated differently, impleader of a third party is allowed only for claims as to which the third party may be liable to the defendant for the plaintiff's claim.

Here, PPM does not contend Mike Tutor and JSR Properties are or may be liable to PPM in the event PPM is held liable to Plaintiffs. In fact, PPM concedes that its claims are not asserted against Tutor and JSR Properties pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure. Rather, PPM argues that its claims are asserted against Tutor and JSR Properties pursuant to Rules 13(h), 19, and 20, as they are "additional parties" to PPM's "cross-claims" against TCDF. Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19 and 20."

In its cross-claim, PPM asserted claims against TCDF for breach of contract, violation of the implied duty of good faith and fair dealing, and intentional inference with contractual and business relations. PPM contends Gary Matthews, Bob Carter, Mike Tutor, and JSR Properties were also involved in the actions that gave rise to the breach of contract and intentional interference claims;

2

thus, PPM joined them to the cross-claim pursuant to Rule 19 and 20 of the Federal Rules of Civil Procedure. Cross-Defendants contend that the Case Management Order required that motions for joinder of parties or amendments to the pleadings be served on or before July 1, 2009, and that PPM's Amended Answer, Cross-Claim, and Third Party Complaint was not served on them until July 27, 2009.

Examining the language of PPM's claims against Cross-Defendants, PPM employed the term "Third-Party Complaint" as opposed to "Cross-Claim." It appears PPM defectively asserted the claims pursuant to Rule 14, which provides for third-party practice. Now realizing Rule 14 is the inappropriate mechanism, PPM renames its "Third-Party Complaint" as "Cross-Claims." The Court finds that the appropriate tactic for joining Tutor, JSR Properties, Matthews, and Carter would have been a Rule 13(h) motion to join additional parties to a cross-claim under Rule 19 or Rule 20. Although, technically no such motion has been filed, PPM's Response to Cross-Defendants' Motion to Dismiss specifically references Rules 13(h), Rule 19, and Rule 20. The Court, to avoid needless delay by requiring the formal filing of a Rule 13(h) motion, treats PPM's improper "Third-Party Complaint" as a "Cross-Claim" against the Cross-Defendants. See FED. R. CIV. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The question now becomes whether joinder of Cross-Defendants is appropriate under Rule 19 or Rule 20. Under Rule 19, a person must be joined as a party if "in that person's absence, the court cannot afford relief among *existing* parties. . . ." FED. R. CIV. P. 19 (emphasis added). Specifically, the Cross-Defendants are indispensible parties and must be joined under Rule 19 if the Court cannot afford complete relief between PPM, TVA, and TCDF without the joinder of Tutor and

JSR Properties. The Court finds that joinder of the Cross-Defendants is not necessary to afford complete relief to the existing parties; however, the Court will now examine whether Cross-Defendants are permissible parties.

Rule 20(a) provides in relevant part:

[p]ersons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action.

The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. Alexander v. Fulton County, 207 F.3d 1303, 1322 (11th Cir. 2000) (en banc). The Supreme Court has instructed lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy. See United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d, 218 (1966).

PPM asserts that its right to relief against TVA, TCDF, Matthews, Carter, Tutor, and JSR arise out of the same series of transactions and occurrences and questions of law and fact common to all of them will arise in this action. Cross-Defendants disagree. Reviewing PPM's cross-claims against TCDF and the Cross-Defendants, the Court finds that PPM's claims against TCDF and Cross-Defendants arise out of the same series of transactions and occurrences. PPM contends that TCDF, influenced by Cross-Defendants through alleged secret meetings and negotiations, breached the Lease. Accordingly, the Court concludes Cross-Defendants are permissive parties under Rule 20 and are properly joined.

II.   Rule 12(b)(6) Motion to Dismiss

In addition to procedural objections to joinder, Cross-Defendants assert that the cross-claims fail to state a claim for relief and, therefore, should be dismissed pursuant to Rule 12(b)(6). In

considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, PPM must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted).

A.   Contractual and Business Relations between PPM and TCDF

PPM alleges tortious interference with contract and business relations against Tutor and JSR Properties. To establish tortious interference with a contract, PPM must show the same elements as those required to prove tortious interference with business relations, plus one additional element: malicious interference with a valid and enforceable contract. Levens v. Campbell, 733 So. 2d 753, 759-61 (Miss. 1999). For tortious interference to lie in Mississippi, PPM must prove: (1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiff[] in [its] lawful business; (3) the acts were done for the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual damage and loss resulted." PDN, Inc. v. Loring, 843 So. 2d 685, 688 (Miss. 2003). Also, PPM must establish that an enforceable contract existed, and that "the contract would have been performed, but for the interference [of Tutor and JSR Properties]." Par Indus., Inc. v. Target Container Co., 708 So. 2d 44, 48 (Miss. 1998).

PPM asserts that Tutor and JSR have intentionally interfered with the contractual and

business relationship of PPM by pressuring TCDF to abandon its Lease with PPM in order to obtain the improvements made to the property for no consideration. Cross-Defendants contend that PPM has failed to state a claim upon which relief can be granted against them, as PPM's pleadings negate that "but for" Tutor and JSR's actions, TCDF would have performed its Lease with PPM. Specifically, PPM pled that "[i]t became apparent at the January 13, 2008 [sic 2009], meeting that TCDF was continuing to secretly negotiate with Tutor and was not conducting itself in good faith and therefore, PPM refused to pay the payment due TCDF as agreed on January 15, 2008 [sic 2009], (which was for the December 15, 2008 payment)."

Cross-Defendants submit that the only breach of contract these allegations support is a breach PPM effected by intentionally failing to make a payment due under the Lease. PPM responds that "[i]f the allegations of the Complaint are accepted as true, PPM was never in default under the terms of the Lease. The Breach was by TCDF due to the interference of Matthews, Carter, Tutor, and JSR Properties." A review of the pleadings does not reveal precisely how PPM alleges TCDF breached the Lease. PPM contends that TCDF sent it "bogus" Notices of Default at various times in 2008, and that TCDF engaged in secret negotiations with Tutor and JSR Properties. Even if TCDF's conduct was considered in bad faith under the circumstances alleged, PPM has not demonstrated that TCDF's bad faith excuses PPM's nonpayment.[1] PPM never asserts that it had the contractual or legal right to refuse payment to TCDF, nor does it allege TCDF excused PPM's failure to make payment. According to PPM, TCDF sent a notice to PPM attempting to terminate

---

[1] To the extent that PPM is alleging that TCDF's alleged breach of its duty of good faith and fair dealing is a material breach of the terms of the express contract, this Court disagrees. A breach of the duty of good faith and fair dealing is a tort under Mississippi law and "emanates from the law on contracts." Braidfoot v. William Carey College, 793 So. 2d 642, 651 (Miss. Ct. App. 2001). "All contracts [in Mississippi] contain an implied covenant of good faith and fair dealing in performance and enforcement." Id. (citation omitted).

the Lease *after* PPM refused payment. PPM admits it intentionally failed to make the December 15, 2008, payment under the Lease; thus, PPM's pleadings do not demonstrate that "but for" Tutor and JSR's actions TCDF would have performed its Lease with PPM. The Court concludes that PPM's cross-claim against Tutor and JSR for interference with TCDF Lease fails to state a claim. Thus, Cross-Defendants' Motion to Dismiss PPM's tortious interference with contractual and business relations claim as to the TCDF Lease is granted.

B.  Contractual and Business Relations between PPM and TVA

PPM further pled that Tutor and JSR Properties "contacted a TVA representative and met with same on more than one occasion with the intention to interfere with the business and contractual relations between PPM and TVA." The Court assumes the business and contractual relations between PPM and TVA was the 26a Permit issued on November 22, 2006, as it is sole agreement mentioned between PPM and TVA in the pleadings. Although PPM states that Tutor and JSR Properties met with TVA with the "intention to interfere," PPM does not allege Tutor and JSR actually induced TVA to breach any agreement with PPM or did anything improper in regard to the 26a Permit. Therefore, the Court concludes PPM's cross-claim against Tutor and JSR for tortious interference with contractual and business relations between PPM and TVA fails to state a claim, and the Motion to Dismiss is granted.

*Conclusion*

Based on the foregoing analysis, Cross-Defendants Mike Tutor and JSR Properties' Motion to Dismiss Third Party Complaint [102] is GRANTED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 10th day of February, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**