IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN LICHTERMAN, VINCE
MARASCUILO and MARSHA
MARASCUILO                                                                      PLAINTIFFS

V.                                                      CIVIL ACTION NO.: 1:07CV256-SA-JAD

PICKWICK PINES MARINA, INC.,
TISHOMINGO COUNTY DEVELOPMENT
FOUNDATION, and TENNESSEE VALLEY
AUTHORITY                                                                        DEFENDANTS

ORDER DENYING
BOB CARTER'S MOTION TO DISMISS

Presently before the Court is Bob Carter's Motion to Dismiss for Insufficiency of Process [106]. The Court finds as follows:

This action began as a Complaint for declaratory judgment, mandamus, monetary damages, and permanent injunctive relief filed on November 1, 2007, by John Lichterman, Vince Marascuilo and Marsha Marascuilo, seeking to recover from Defendants, Pickwick Pines Marina, Inc. (PPM), Tishomingo County Development Foundation (TCDF), and Tennessee Valley Authority (TVA), damages and other relief arising out of the proposed construction of a marina facility on Yellow Creek Embayment in Tishomingo County, Mississippi.

Defendant PPM filed its Answer which included a Third-Party Complaint on April 6, 2009, naming as Third-Party Defendants Bob Carter, Rodney Lucas, Gary Matthews, Mike Tutor, JSR Properties, LLC, and X, an unknown employee or officer of TVA. PPM filed its Amended Answer, Cross-Claim, and Third-Party Claim on May 26, 2009. A summons for Bob Carter on the Third-Party Complaint was issued on June 22, 2009. A copy of the Summons and Amended Third-Party Complaint was not served on Bob Carter until August 12, 2009, 127 days after the filing of the

original Third-Party Complaint. A copy of the original Complaint was never served. Third-Party Defendant Bob Carter moved to dismiss this action as to him on August 31, 2009, for insufficiency of process.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. Winters v. Teledyn Movible OffShore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985). If plaintiff shows good cause for the failure to serve defendant, Rule 4 requires the court allow additional time for service. FED. R. CIV. P. 4(M); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). "Good cause" normally requires some evidence of good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified. Lambert v. U.S., 44 F.3d 296, 299 (5th Cir. 1995). Inadvertence, mistake of counsel, or ignorance of the rules usually do not suffice. Id. Where plaintiff has not demonstrated good cause, the court has the discretion to dismiss the case or allow more time for service upon a showing that relief is justified. Thompson, 91 F.3d at 21.

In opposing the Defendant's motion to dismiss, PPM alleges that it made reasonable and diligent efforts to have process served on the Defendant. In support thereof, PPM submits an affidavit of James T. Belue, counsel for PPM, attesting to his efforts to have Defendant served. Belue attests that co-counsel, Tacey Locke, became ill and had to be hospitalized on July 15, 2009. Locke requested Belue retrieve the summons from her office for service. Locke's affidavit affirms

Belue's assertion. Jeff Kemp, the county constable, was retained to effect service upon Bob Carter on July 22, 2009. Belue contacted Kemp on July 31, 2009, and was advised service had not yet been made or even attempted. Kemp assured Belue service would be made over the weekend. Once advised on August 3, 2009, service was not obtained over the weekend, Belue retained Tishomingo County Deputy Mike Kemp to effect service. According to Deputy Kemp's affidavit, he made multiple attempts to serve Bob Carter from August 3 to August 5, 2009. Defendant Bob Carter finally was served with process by Deputy Kemp on August 12, 2009, 127 days after the filing of the original Third-Party Complaint.

The Court finds that PPM has demonstrated good cause for not effecting service within the 120 day period as required by Federal Rule of Civil Procedure 4(m). The Court, therefore, extends the period for service until August 12, 2009. Accordingly, Third-Party Defendant Bob Carter's Motion to Dismiss for Insufficiency of Process [106] is DENIED.

SO ORDERED, this the 10th day of February, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**