IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN LICHTERMAN, VINCE                                                    PLAINTIFFS
MARASCUILO and MARSHA
MARASCUILO

V.                                              CIVIL ACTION NO.: 1:07CV256-SA-JAD

PICKWICK PINES MARINA, INC.,
TISHOMINGO COUNTY DEVELOPMENT
FOUNDATION, and TENNEESSEE VALLEY
AUTHORITY                                                                 DEFENDANTS

MEMORANDUM OPINION

Presently before the Court is Tennessee Valley Authority's Motion for Judgment on the Pleadings or for Summary Judgment on Pickwick Pines Marina, Inc.'s Cross-Claims [135]. The Court finds as follows:

*Factual and Procedural Background*

Pickwick Pines Marina, Inc. (PPM) is a named Defendant with Tennessee Valley Authority (TVA) and Tishomingo County Development Foundation (TCDF)in the present suit filed on November 1, 2007, by homeowners who live across the Yellow Creek Embayment of Pickwick Pines Reservoir. Plaintiffs allege that TVA violated the National Environmental Policy Act of 1969 (NEPA), § 2 et seq., 42 U.S.C. §§ 4321 et seq., and that each party breached assessment commitments, easement covenants, and lease conditions.

PPM filed its Answer which included a Cross-Claim against TVA on April 6, 2009. PPM filed its Amended Answer and Cross-Claim against TVA on May 26, 2009. PPM alleges its suffered damages as a result of: (1) lack of consideration given for the issuance of its Section 26a permit; (2) TVA's negligent preparation of the Finding of No Significant Impact (FONSI) under the 2006

NEPA review of the project and the section 26a permit issued to PPM; (3) TVA's negligent preparation of the easement granted to TCDF; (4) TVA's negligent preparation of the Lease between TCDF and PPM; and (5) TVA's intentional interference with the contractual and business relationships of PPM. TVA filed its Motion for Judgment on the Pleadings or for Summary Judgment as to all PPM's cross-claims on October 21, 2009.

*Standard of Review*

The standard for deciding a motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955. The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d at 205.

*Discussion*

I.  Section 26a Permit

PPM claims as damages against TVA: "For lack of consideration in the issuance of the 26a Permit, the costs of obtaining the Permit." TVA contends that a permit or license, such as the Section 26a permit at issue, is not a contract. Thus, PPM is not entitled to damages for lack of consideration. See Lindstrom v. City of Des Moines, 470 F. Supp. 2d 1002, 1008 (S.D. Iowa 2007)(citations omitted):

> In reaching the conclusion that the cable franchise is not a license, we begin with the hornbook definition of a license:
>
> A permit, granted by an appropriate governmental body, generally for a consideration, to a person, firm or corporation to pursue some occupation or to carry on some business subject to regulation under the police power. A license is not a contract between the [granting governmental body] and the licensee, but is a mere personal permit.

See also Chance Mgmt., Inc. v. State of South Dakota, 97 F.3d 1107, 1119-20 (holding that "[p]ublic licensure is not generally contractual in nature: a license neither grants the licensee a property right nor creates a mutual obligation").

TVA further contends that the Section 26a permit was issued in the exercise of its regulatory authority pursuant to Section 26a of the TVA Act. TVA asserts that its decisions with respect to the issuance, modification, or revocation of Section 26a permits are not subject to judicial review under the Administrative Procedures Act. See 5 U.S.C. § 701(a) (providing that the APA precludes judicial review of decisions that are "committed to agency discretion by law"). Pursuant to its regulations, TVA charges fees for the administrative costs of processing permit applications. See 18 C.F.R. § 1304.2(c) ("An application shall not be complete until payment of the appropriate fee as determined in accordance with 18 C.F.R. part 1310."); 18 C.F.R. § 1310.2 ("TVA will undertake the following actions only upon the condition that the applicant pay to TVA such administrative charges as the Senior Manager of the TVA organization that administers the land or permit being considered . . . shall assess in accordance with 1310.3."); 18 C.F.R. § 1310.3(a) ("[T]he responsible land manager shall assess a charge which he/she determines in his/her sole judgment to be approximately equal to the administrative costs incurred by TVA for each action including both the direct cost to TVA and applicable overheads."). According to TVA, PPM received the benefit of the fees associated with its Section 26a permit application–PPM's application to construct the

marina was administratively processed by TVA.  In further support of its contention, TVA points to 18 C.F.R. § 1304, which does not provide for refunds for application fees of any sort, even when a permit is not issued in the first place.

After the issuance of the Section 26a permit, TCDF terminated PPM's lease to the property at issue for default in the lease conditions.  In accordance with TVA regulations, the Section 26a permit was rendered invalid as PPM no longer possessed the requisite property interest in the land.  See 18 C.F.R. § 1304.2 ("[T]he applicant must, in addition to the other requirements of this part, own the fee interest in or have an adequate leasehold or easement interest of sufficient tenure to cover the normal useful life of the proposed facility in the land immediately ajoining the TVA land.").

In response, PPM fails to address TVA's arguments.  PPM merely agrees that even under Mississippi law, a license is not a contractual or property right, and then states that TVA does not address the fact that it issued a license that could not be used.  PPM's argument is unpersuasive.  After reviewing the relevant TVA regulations, the Court concludes that the processing and subsequent invalidity of the Section 26a permit were in accordance with TVA regulations and cannot give rise to a lack of consideration claim.

II.     Negligence

PPM contends that it was harmed by TVA's negligent preparation of the 2006 FONSI, the Section 26a Permit, the Easement granted to TCDF, and the Lease between TCDF and PPM.  To prevail on a claim of negligence, PPM must show that TVA owed PPM a duty imposed by law for the creation of those documents, that TVA breached that duty, and that the breach caused PPM's

4

damages. McIntosh v. Victoria Corp., 877 So. 2d 519, 522 (Miss. Ct. App. 2004). TVA argues that PPM has asserted no facts that support, or that would allow the Court to infer, the existence of a legal duty between PPM and TVA with respect to the preparation of documents.

The relevant facts alleged by PPM are as follows:

The reason the project cannot be completed is because of negligence of [TVA] in preparation of the 2006 FONSI, the Easement to TCDF, and the Lease between TCDF and PPM, and the 26a Permit to PPM.

That TVA dictated and provided the erroneous Lease between TCDF and PPM, giving neither party to the Lease any negotiations, presenting it as a take it or leave it document.

That TVA engaged in preparation of documents for TCDF and PPM and did so negligently by providing legal documents in violation of federal law.

That the 26a Permit issued by TVA to PPM was impossible to fully comply with due to the negligent preparation of the Permit by TVA.

Although not supported by the pleadings, PPM asserts in its response that a fiduciary relationship existed between TVA and PPM. However, PPM does not allege any facts that suggest it had a special, confidential, or fiduciary relationship with TVA. In fact, the cross-claim states TVA presented the Lease as a "take it or leave it document" to both PPM and TCDF. TVA's conduct suggests it was protecting its own interest, not the interest of PPM. These facts do not establish that TVA undertook to represent or act on behalf of PPM.

Not only does PPM fail to state a claim for negligence against TVA, but PPM's negligence claim is also untimely. Negligence claims are governed by a three-year statute of limitations under Mississippi law. MISS. CODE ANN. § 15-1-49. TVA and TCDF entered into the Easement effective April 1, 2005, and PPM and TCDF entered into the Lease effective April 13, 2005. However, PPM

5

did not file its negligence claim against TVA until April 6, 2009, more than three years after the documents were prepared by TVA. PPM contends that the deadline for filing its negligence cross-claim against TVA was stayed by Plaintiffs' filing of the original complaint on November 1, 2007. The Fifth Circuit addressed this issue in <u>Kansa Reinsurance Company v. Congressional Mortgage Corporation of Texas</u>, 20 F.3d 1362 (5th Cir. 1994). There, United Postal argued, as PPM does here, that its cross-claim related back to Plaintiff's original complaint. <u>Id.</u> at 1367. The Fifth Circuit rejected this argument and held that

> [t]he cross-claim filed by United Postal is, however, an "original" cross-claim against a co-party, *not* an amendment to a previously filed pleading. Accordingly, it does not appear to be within the province of Rule 15(c). Furthermore, Rule 13(g) governing cross-claims does not permit relation back of a cross-claim seeking affirmative and independent relief to the original complaint. *See* <u>United States for the Use of Bros. Builders Supply Co. v. Old World Artisans, Inc.</u>, 702 F. Supp. 1561, 1569 (N.D. Ga.1988) (noting that the common law rule that "statutes of limitations do not run against pure defenses does not apply to setoffs, counterclaims, or crossclaims that are affirmative independent, causes of action").

<u>Id.</u> Plaintiffs' original complaint alleges violations of the National Environmental Policy Act and breach of contract against TVA, TCDF, and PPM. Based on the Fifth Circuit's reasoning, PPM's negligence claim does not relate back to the filing of Plaintiff's original complaint as PPM's claim for negligence is an affirmative, independent cause of action. Thus, PPM's negligence claim is untimely.

III.  Legality of Contracts

PPM also asserts claims for unjust enrichment and intentional interference with contractual and business relationships. TVA argues that both of these claims fail as PPM simultaneously has alleged the underlying contracts serving as predicates for these claims violate of federal law. In

6

response to TVA's contention, PPM only addresses its unjust enrichment claim and asserts without authority that Mississippi law does prohibit suit upon a void contract. However, PPM contends that Mississippi law does not prevent recovery by the victim from the person who received compensation for the contract. The Court has located no case law to support PPM's proposition under these circumstances. The Restatement of Contracts provides that

> if a court will not, on grounds of public policy, aid a promisee by enforcing the promise, it will not aid him by granting him restitution for performance that he has rendered in return for the unenforceable promise. Neither will it aid the promisor by allowing a claim in restitution for performance that he has rendered under the unenforceable promise. It will simply leave both parties as it finds them, even though this may result in one of them retaining a benefit that he has received as a result of the transaction.

RESTATEMENT (SECOND) OF CONTRACTS § 197 cmt. a (1981).

Here, PPM claims the contracts created and provided by TVA were in violation of federal law. The Court finds that PPM has failed to state a claim for which relief can be granted as to its claims for unjust enrichment. The Court will not enforce contracts alleged to be in violation of federal law nor entertain an unjust enrichment claim under these circumstances.

As to PPM's claim for intentional interference with contractual and business relations against TVA, PPM again has failed to state a claim for relief. To establish tortious interference with a contract, PPM must show the same elements as those required to prove tortious interference with business relations, plus one element: malicious interference with a valid and enforceable contract. Levens v. Campbell, 733 So. 2d 753, 759-61 (Miss. 1999). For tortious interference to lie in Mississippi, PPM must prove: (1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiff[] in [its] lawful business; (3) the acts were done for the unlawful

7

purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual damage and loss resulted." PDN, Inc. v. Loring, 843 So. 2d 685, 688 (Miss. 2003). Also, PPM must establish that an enforceable contract existed, and that "the contract would have been performed, but for the interference [of the TVA officer or employee]." Par Indus., Inc., v. Target Container Co., 708 So. 2d 44, 48 (Miss. 1998).

Looking at the cross-claim, PPM's interference with contract claim fails as the underlying contracts are alleged to be in violation of federal law; thus, PPM is unable to show the existence of a valid and enforceable contract. PPM's interference with business relations claim also fails as PPM stated no facts in support of this claim. The cross-claim merely avers that a "TVA officer or employee, intentionally interfered with the legitimate business relations and contractual relations between TCDF and PPM." PPM does not allege any acts taken by the TVA officer or employee. PPM merely recites the elements of the claim, which is not sufficient for the claim to survive. See Twombly, 550 U.S. at 555, 127 S. Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Accordingly, PPM's claims for interference with contractual and business relations fail to state a claim.

*Conclusion*

For the reasons set forth above, TVA's Motion for Judgment on the Pleadings [135] is GRANTED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 23rd day of April, 2010.

                                                **/s/ Sharion Aycock**
                                                **UNITED STATES DISTRICT JUDGE**