IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN LICHTERMAN, VINCE                                                          PLAINTIFFS
MARASCUILO and MARSHA
MARASCUILO

V.                                                        CIVIL ACTION NO.: 1:07CV256-SA-JAD

PICKWICK PINES MARINA, INC.,
TISHOMINGO COUNTY DEVELOPMENT
FOUNDATION, and TENNESSEE VALLEY
AUTHORITY                                                                        DEFENDANTS

MEMORANDUM OPINION GRANTING
MOTION TO DISMISS THIRD PARTY COMPLAINT

Presently before the Court is Rodney Lucas' Motion to Dismiss Amended Third Party Complaint [151]. The Court finds as follows:

*Factual and Procedural Background*

This action began as a Complaint for declaratory judgment, mandamus, monetary damages, and permanent injunctive relief filed on November 1, 2007, by John Lichterman, Vince Marascuilo and Marsha Marascuilo, seeking to recover from Defendants, Pickwick Pines Marina, Inc. (PPM), Tishomingo County Development Foundation (TCDF), and Tennessee Valley Authority (TVA), damages and other relief arising out of the proposed construction of a marina facility on Yellow Creek Embayment in Tishomingo County, Mississippi. Specifically, Plaintiffs challenge the adequacy of TVA's National Environmental Policy Act (NEPA) reviews and seek to enforce certain easement and permit conditions, either directly pursuant to NEPA or as alleged third-party beneficiaries of the easement, lease, and/or permit.

Defendant PPM filed its Answer which included a Third-Party Complaint on April 6, 2009, naming as Third-Party Defendants Bob Carter, Rodney Lucas, Gary Matthews, Mike Tutor, JSR

Properties, LLC, and X, an unknown employee or officer of TVA. PPM filed its Amended Answer, Cross-Claim, and Third-Party Claim on May 26, 2009. By previous rulings, the Court has dismissed all Third-Party Defendants except Rodney Lucas. PPM asserts claims for intentional misappropriation of corporate proprietary and confidential information and trade secrets against Rodney Lucas. Lucas filed his Motion to Dismiss Amended Third-Party Complaint on February 12, 2010. The Court is now prepared to rule.

*Discussion and Analysis*

Lucas' Motion to Dismiss merely incorporates the arguments made in Tutor, JSR Properties, Bob Carter, and Gary Matthews' Motions to Dismiss, as well as this Court's Opinions granting previous Motions to Dismiss.

I. Federal Rule of Civil Procedure 14

Lucas' first argument is that PPM's Third Party Complaint is improper under Federal Rule of Civil Procedure 14(a)(1), which states in relevant part, "A defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." Stated differently, impleader of a third party is allowed only for claims as to which the third party may be liable to the defendant for the plaintiff's claim.

Based on the same reasoning employed in this Court's February 10, 2010 and March 2, 2010, Memorandum Opinions [147, 161], the Court concludes Lucas is a permissive party under Rule 20 and is properly joined.

II. Rule 12(b)(6) Motion to Dismiss

In addition to procedural objections to joinder, Lucas asserts that the cross-claims fail to state a claim for relief and, therefore, should be dismissed pursuant to Rule 12(b)(6). In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the

light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, PPM must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted).

Lucas' Memorandum in Support of his Motion to Dismiss only addresses claims of interference with contractual and business relations. Although PPM alleges tortious interference with contract and business relations against Tutor, JSR Properties, Carter, and Matthews, PPM has brought no such claims against Lucas. Instead, PPM alleges intentional misappropriation of corporate proprietary and confidential information and trade secrets for his own benefit. PPM asserts that Lucas was the general manager of PPM from June 9, 2005, until August 6, 2008, and was privy to PPM's proprietary and strategic information. PPM claims that Lucas divulged the confidential proprietary and trade information to Tutor and others in an attempt to gain favor and employment with Tutor. PPM further contends that Lucas was an agent of PPM and as such owed a duty of loyalty to PPM.

Lucas attempts to tie the two claims together by stating "any alleged misappropriation of proprietary information or trade secrets would not explain the reason PPM failed to make the required lease payment." Lucas further claims PPM has not pled any set of facts that would show how Lucas' alleged misappropriation of confidential information induced it to breach the lease between PPM and TCDF. PPM declares Lucas' arguments misplaced as PPM has not asserted interference claims against him. Despite that, Lucas continues to assert the same arguments in his

reply. The Court agrees that Lucas' reasoning is misplaced. Although the Court dismissed the interference claims against the other Cross-Defendants, those claims are separate and distinct from PPM's claims against Lucas for intentional misappropriation of corporate proprietary and confidential information and trade secrets for his own benefit.

At this juncture, the Court finds PPM's pleading as to Lucas is sufficient to survive dismissal under Federal Rule of Civil Procedure 12(b)(6). Thus, Lucas' Motion to Dismiss Third Party Complaint is denied.

*Conclusion*

Based on the foregoing analysis, Cross-Defendant Rodney Lucas' Motion to Dismiss Third Party Complaint [151] is DENIED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 7th day of May, 2010.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**